854 F.2d 1318
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Don C. WILSON, Petitioner-Appellant,
v.
David A. GARRAGHTY, Respondent-Appellee.
 No. 87-6618.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 26, 1988.
Decided July 29, 1988.
 
 Don C. Wilson, appellant pro se.
 Thomas Drummond Bagwell, Assistant Attorney General, for appellee.
 Before DONALD RUSSELL, ERVIN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Don C. Wilson, a Virginia prisoner, appeals the district court's denial of his petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. In his petition, he asserted that his convictions for rape and burglary were obtained in violation of his constitutional rights. We deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 The district court dismissed the following three claims on the merits: (1) ineffective assistance of counsel on direct appeal due to Wilson's appellate attorney's failure to contest the sufficiency of the evidence; (2) denial of due process due to the Virginia Supreme Court's alleged arbitrary application of its procedural bar rules; and (3) denial of due process due to a grand jury selection which did not comply with state law. We affirm the dismissal of these claims on the reasoning of the district court. Wilson v. Garraghty, C/A No. 86-1020-AM (E.D.Va. Aug. 13, 1987).
 
 
 3
 Wilson also raised six additional claims: (1) ineffective assistance of counsel at trial and during his sentencing hearing; (2) denial of due process due to the admission of unreliable identification testimony; (3) denial of due process due to the prosecution's failure to produce allegedly exculpatory results of a comparison of samples from Wilson and the victims; (4) denial of constitutional rights because the jury was instructed to consider the death penalty as punishment for the rapes; (5) denial of fourth amendment rights due to an allegedly illegal arrest; and (6) denial of a fair trial and compulsory process due to the trial court's failure to call his alleged accomplice, Andrew Brewer, to testify at trial.
 
 
 4
 The district court dismissed these claims on the ground that Wilson had not shown cause and prejudice for failing to raise these claims in his first state habeas corpus petition, as was required by Virginia law.[1] See Wainwright v. Sykes, 433 U.S. 72 (1977); Murch v. Mottram, 409 U.S. 41 (1972); cf. Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir.1986) (failure to appeal adverse decision of state habeas court constitutes a bar to further federal review of a claim), cert. denied, 55 U.S.L.W. 3661 (U.S. Mar. 30, 1987) (No. 86-6309).
 
 
 5
 Based on our review of the record, we conclude that Wilson was not prejudiced by any of the alleged constitutional errors raised in these claims. We therefore deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 DISMISSED
 
 
 [1]
 Both Va.Code Ann. Sec. 8.01-596(b)(2), which was in effect at the time Wilson filed his petition, and its successor, Va.Code Ann. Sec. 8.01-654(b)(2), contain the following provision, "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing of any previous petition."